Harold J. Hughes, J.
This is a motion by defendants to dismiss the third cause of action in the complaint on the ground that the court lacks jurisdiction of the subject matter of the action and upon the further ground that it fails to state a cause of action.
On January 10, 1972, while the plaintiff Tjmothy Holt -was at the central police station in the City of Troy, he was *10 allegedly shot in the leg by a police officer. The present action was commenced to recover damages for his personal injuries; the first cause of action is based on negligence, the second is based upon assault. The third .cause of action is founded upon an alleged violation of section 1983 of title 42 of the United States Code. It is defendants’ contention that this action must be brought in Federal court and that this court has no jurisdiction to entertain the action.
The Federal statute in question (U. S. Code, tit. 42, § 1983) provides a right of recovery against persons who, acting under the color of State law, cause a deprivation of one’s constitutional rights. Article VI of the United States Constitution provides in part: “ This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.”
It is the court’s opinion that under this provision, State courts are not free to deny enforcement of claims growing out of a valid Federal statute (see Testa v. Katt, 330 U. S. 386; Lakewood Homes v. Board of Adjustment of City of Lima, 258 N. E. 2d 470, 508 [Ohio, 1970], mod. 25 Ohio App. 2d 125). Indeed, it has been held that redress for an individual’s invasion of another’s civil rights must be sought in State courts, not Federal courts, under the Federal Civil Rights Act, in the absence of diversity of parties’ citizenship (Williams v. Yellow Cab Co. of Pittsburgh, Pa., 200 F. 2d 302, cert. den. sub nom. Dargan v. Yellow Cab Co., 346 U. S. 840). At the very least, the State courts and the Federal courts have concurrent jurisdiction over plaintiff’s cause of action (see United States v. State Tax Comm., 481 F. 2d 963, 974, n. 12; Liles v. South Carolina Dept. of Corrections, 414 F. 2d 612; Hancock v. Avery, 301 F. Supp. 786, 790; contra, Beauregard v. Wingard, 230 F. Supp. 167, 185). Even if the New York courts were not obliged to entertain the action, they certainly have the power to enforce rights created by Federal statutes except where jurisdiction in the Federal courts is expressly or impliedly reserved (see Matter of Schmoll, Inc. v. Federal Reserve Bank of N. Y., 286 N. Y. 503, 508; New York Lbr. Trade Assn. v. Lacy, 245 App. Div. 262, 267, affd. 269 N. Y. 595, cert. den. 298 U. S. 684; Wolchonok v. Creston Spring Corp., 13 A D 2d 846). The jurisdiction of the Federal courts to enforce section 1983 is not exclusive (U. S. Code, tit. .28, § 1343).
*11 The third cause of action must, however, be dismissed as against the City of Troy and the Police Department and Department of Public Safety since a municipality is not a “ person ” within the meaning of section 1983 (Monroe v. Pape, 365 U. S. 167; Eagan v. City of Aurora, 365 U. S. 514).
The motion of the City of Troy and the municipal departments to dismiss plaintiffs’ third cause of action as to them is granted; the motion of the individual defendants to dismiss the third cause of action is denied; all without costs.
The court has not considered the motion of the Police Department and Department of Public Safety to dismiss the complaint since this relief was not demanded in the notice of motion (see CPLR 2214, subd. [a]).