Stevenson v. Dept. of Insurance

E. ALEXANDER STEVENSON, JR. v. NORTH CAROLINA DEPART-
MENT OF INSURANCE AND JOHN RANDOLPH INGRAM, COM-
MISSIONER OF INSURANCE

No. 7610SC680

(Filed 3 November 1976)

1. **Administrative Law § 5— decisions of State Personnel Commission —
judicial review**
     Decisions of the State Personnel Commission are subject to ju-
dicial review under Article 4, Ch. 150A of the Administrative Pro-
cedure Act once the aggrieved person has exhausted all administrative
remedies made available to him by a statute or agency rule.

2. **Administrative Law § 5; Injunctions § 11— dismissal of State employee
— stay order prior to exhaustion of administrative remedies**
     The superior court had no authority under G.S. 150A-48 to enter
a stay order of a State employee's dismissal before the exhaustion of
the employee's administrative remedies before the State Personnel
Commission.

3. **Administrative Law § 4— appeal to State Personnel Commission —
delay of decision — court order compelling action**
     If a decision by the State Personnel Commission on a State em-
ployee's appeal of his dismissal has been unduly delayed, the em-
ployee may seek a court order under G.S. 150A-44 compelling action
by the Commission.

     Judge CLARK concurring.

ON *writ of certiorari* to review the orders of *Smith, Judge,*
entered 16 July 1976 and 27 July 1976 in Superior Court,
WAKE County. Heard in the Court of Appeals 14 October 1976.

     Allegations of plaintiff's complaint, filed 16 July 1976, are
summarized in pertinent part as follows:

     Defendant Department of Insurance (department) is an
agency of the State of North Carolina as defined by G.S.
150A-2(1), and is subject to the provisions of the Administra-
tive Procedure Act, G.S. Chapter 150A. Defendant Ingram is
the chief officer of the department, with general power, sub-
ject to the provisions of the State Personnel Act, G.S. Chapter
126, and other limitations of law, to hire and fire depart-
ment employees.

     Plaintiff was employed by the department from 1966
through 2 June 1976, his last position being classified "Insur-
ance Company Examiner I." On or about 27 May 1976 plaintiff

Stevenson v. Dept. of Insurance

was summoned before defendant Ingram and was accused of misconduct in connection with his employment, namely, making false statements about his supervisor. Plaintiff denies that he ever knowingly made any false statement about his supervisor or any other employee of the department.

On 2 June 1976 plaintiff received from the budget and personnel officer of the department written notice of termination of his employment. The notice stated the following as the sole reason for his dismissal:

"Gross misconduct and conduct unbecoming a State employee by making a false statement about your immediate supervisor and participation in an action that seriously disrupted the normal operation of the Department of Insurance."

Plaintiff denies that his conversation with any employee of the department resulted in any disruption in the normal operations of the department.

Plaintiff, as a permanent employee of the department, was and is, under G.S. 126-5(a), subject to the provisions and protections of the State Personnel Act. Under G.S. 126-35 a permanent employee subject to said act shall not be discharged except for "JUST CAUSE." On 16 July 1976 plaintiff, through his attorney, gave notice to the department of his intention to appeal his dismissal and requested immediate reinstatement.

Under G.S. 126-4(9) the State Personnel Commission (commission) has jurisdiction to hear appeals concerning dismissal of employees subject to the State Personnel Act. Pursuant to authority granted by G.S. 126-4(6) the commission has adopted policies and rules governing the appointment, promotion, transfer, demotion, suspension and termination of State employees.

The departmental action dismissing plaintiff from his employment was not in compliance with the rules adopted by the commission and was therefore unlawful. Plaintiff is a person aggrieved within the meaning of G.S. 150A-2(6).

Plaintiff's appeal has not been scheduled for hearing by the commission and he is informed and believes that a substantial period of time will elapse before a hearing is scheduled and a decision is rendered. Since 2 June 1976 plaintiff has made efforts to obtain other employment but without success;

he has had no source of income since 1 July 1976 sufficient to meet the expenses of maintaining his home and supporting his family.

There is no statutory procedure other than that provided by G.S. 150A-48 by which plaintiff can obtain review of the departmental action terminating his employment prior to the setting of a hearing by the State Personnel Commission.

Plaintiff asked that the court issue a restraining order and an injunction staying the operation of the department's decision terminating his employment, pending final review of his appeal under the provisions of the Administrative Procedure Act.

On 16 July 1976 Judge Smith issued an order temporarily staying the decision terminating plaintiff's employment, ordering his reinstatement and directing that defendants appear on 26 July 1976 and show cause why the stay order should not be continued.

A hearing was conducted on 26 July 1976. Based on plaintiff's verified complaint and affidavits presented by defendants the court entered an order making findings of fact and conclusions of law and granting a preliminary injunction staying the order of the department pending the outcome of plaintiff's appeal under the Personnel Act and the Administrative Procedure Act. The court ordered that plaintiff be reinstated to a position comparable to that held prior to 2 June 1976 with full pay and benefits as of 16 July 1976.

Defendants objected and excepted to the orders entered by Judge Smith and their application to this court for a writ of certiorari to review said orders was allowed.

*Bailey, Dixon, Wooten, McDonald & Fountain, by J. Ruffin Bailey, Ralph McDonald and Richard G. Chaney, for plaintiff appellee.*

*Attorney General Edmisten, by Special Deputy Attorney General T. Buie Costen, for defendant appellants.*

BRITT, Judge.

Defendants contend first that the superior court had no authority to enter a stay order of plaintiff's dismissal before

the exhaustion of his administrative remedies before the State Personnel Commission. We agree with this contention.

Under G.S. 126-35 of our State Personnel Act, ". . . [t]he employee, if he is not satisfied with the final decision of the head of the department, or if he is unable, within a reasonable period of time, to obtain a final decision by the head of the department, may appeal to the State Personnel Commission." By virtue of G.S. 126-4(9) the commission's authority now includes "the investigation of complaints and the hearing of appeals of applicants, employees, and former employees and the issuing of such binding corrective orders or such other appropriate action concerning employment, promotion, demotion, transfer, discharge, and reinstatement in all cases as the Commission shall find justified."

[1] Under G.S. 126-43 the provisions of the Administrative Procedure Act, Chapter 150A, apply to the State Personnel System and hearing and appeal matters before the State Personnel Commission. Therefore, final agency decisions of the commission are subject to judicial review under Article 4, Chapter 150A of the Administrative Procedure Act once the aggrieved person has exhausted all available administrative remedies made available to him by statute or agency rule.

[2] In the present case, plaintiff is in the process of exhausting his administrative remedies by appealing his dismissal to the commission. He is not seeking "judicial review" at this time nor would it be appropriate since he has not exhausted his administrative remedies as required by statute. Nevertheless, he contends that Judge Smith's orders were proper pending the outcome of final review of plaintiff's appeal under the State Personnel Act and the Administrative Procedure Act. Plaintiff relies on G.S. 150A-48 which states that:

"At any time before or during the review proceeding, the person aggrieved may apply to the reviewing court for an order staying the operation of the agency decision pending the outcome of the review. The court may grant or deny the stay in its discretion upon such terms as it deems proper and subject to the provisions of G.S. 1A-1, Rule 65."

Although we recognize the vagueness of the quoted statute, we feel that taken in its proper context, it authorizes a stay order only of those final agency decisions in which the per-

son aggrieved has exhausted his administrative remedies. G.S. 150A-48 must be construed *in pari materia* with the rest of Article 4, Chapter 150A, entitled "Judicial Review," and particularly G.S. 150A-43 which states that "[a]ny person who is aggrieved by a final agency decision in a contested case, and who has exhausted all administrative remedies made available to him by statute or agency rule, is entitled to judicial review of such decision under this Article . . . ."

[3] We think that G.S. 150A-48 was meant to entitle the aggrieved person to a stay order only after the final agency decision and either before or after the initiation of judicial review. Final agency decisions should be rendered after a hearing held without undue delay under G.S. 150A-23. G.S. 150A-44 provides that "[u]nreasonable delay on the part of any agency in reaching a final decision shall be justification for any person whose rights, duties, or privileges are adversely affected by such delay to seek a court order compelling action by the agency." In the present case, this right may be asserted to prevent unreasonable delay in reaching a final agency decision but we do not think the superior court had authority to enter a stay order respecting plaintiff's dismissal pending final administrative review. *King v. Baldwin,* 276 N.C. 316, 172 S.E. 2d 12 (1970).

In view of our holding that the superior court did not have authority to enter the orders appealed from, we find it unnecessary to discuss and pass upon the other contentions argued in defendants' brief.

For the reasons stated, the orders appealed from are

Reversed.

Judges PARKER and CLARK concur.

Judge CLARK concurring:

I concur in the result, and I agree that in the ordinary case injunctive relief should not be granted before the employee has exhausted his administrative remedy. The majority, in "holding that the superior court did not have *authority* to enter the orders," is apparently ruling that our courts under no circumstances have jurisdiction or authority to grant injunctive relief to an employee before administrative relief under the

Personnel Act and Administrative Procedure Act has been exhausted. In my opinion there may be extraordinary circumstances where the administrative remedy is so inadequate and the damage so irreparable that the courts should protect the rights of an employee by the use of its equity jurisdiction in granting an injunction before administrative remedy is exhausted.