ROBERT P. WILLIAMS v. G. PERRY GREENE, EDWARD W. JONES AND J. D. CABE

No. 7714SC447

(Filed 18 April 1978)

1. **Administrative Law § 5; Injunctions § 11— dismissal of state employee—civil rights violations asserted—no exhaustion of administrative remedies required**

Where a state employee asserts civil rights violations under 42 U.S.C. § 1983 for his wrongful dismissal, the Superior Court retains its traditional power to grant preliminary injunctive relief without requiring him to exhaust the administrative remedies provided in Chapter 126 of the General Statutes.

2. **Injunctions § 13— preliminary injunction—conditions of issuing**

A preliminary injunction should issue pending trial on the merits only when (1) there is probable cause that plaintiff will be able to establish the rights which he asserts and (2) there is reasonable apprehension of irreparable

loss unless interlocutory injunctive relief is granted, or unless interlocutory injunctive relief appears reasonably necessary to protect plaintiff's rights during the litigation.

**3. Injunctions § 13.1— preliminary injunction—show of substantial, irreparable injury required**

In determining whether to grant a preliminary injunction, the judge in exercising his discretion should engage in a balancing process, weighing potential harm to the plaintiff if the injunction is not issued against the potential harm to the defendant if injunctive relief is granted; in effect, the harm alleged by the plaintiff must satisfy a standard of relative substantiality as well as irreparability.

**4. Injunctions § 13.2— dismissal of highway patrolman—no substantial, irreparable injury—preliminary injunction improper**

A former State highway patrolman who alleged that he was wrongfully discharged from his employment after his involvement in a roadblock in which a hostage was killed failed to show substantial, irreparable injury entitling him to a preliminary injunction, since plaintiff claimed that he would be without income and his reputation would be damaged if he were not reinstated, but a state employee who has been wrongfully discharged is entitled, pursuant to G.S. 126-4(9) and (11), to reinstatement, back pay and attorney's fees, and thus plaintiff's temporary loss of income would not constitute irreparable loss; furthermore, any damage to the plaintiff's reputation resulting from a denial of the preliminary injunction must be balanced against the possible harm to the State in retaining plaintiff on the N.C. State Highway Patrol.

ON certiorari to review the order of *Lee, Judge.* Order entered 24 January 1977 in Superior Court, DURHAM County. Heard in the Court of Appeals 6 March 1978.

Civil action wherein plaintiff seeks damages and a permanent injunction against defendants, G. Perry Greene, Secretary of the North Carolina Department of Transportation; Edward W. Jones, Commander of the North Carolina State Highway Patrol; and J. D. Cabe, Acting Commander of the North Carolina State Highway Patrol. In his complaint the plaintiff alleged that he was wrongfully discharged from the State Highway Patrol in violation of his constitutional rights, 42 U.S.C. § 1983 (1970).

After a hearing on 7 January 1977 the trial judge found facts which are summarized and quoted as follows: On 22 December 1976 the plaintiff was dismissed from his employment as a trooper of the State Highway Patrol

by order of the defendant Perry G. Greene [sic] on the alleged grounds that he was imprudent and careless in the use

of his weapon at a roadblock on Interstate 85 at or about 1:04 a.m. on the 15th day of November, 1976; and that he jeopardized the safety of a hostage on that date by firing into a vehicle, and that he used excessive force while attempting to apprehend a dangerous criminal.

The hostage, a Virginia State Patrolman, was killed in the incident. The order dismissing the plaintiff culminated an investigation conducted by the Department of Transportation of which the plaintiff was not informed until his dismissal. At the time of his dismissal the plaintiff was advised of his right to appeal to the State Personnel Commission. He promptly requested a hearing before the Commission but none has been scheduled at this time. Subsequently, the plaintiff's dismissal was disclosed to the media and widely publicized. The adverse publicity has damaged the plaintiff's professional reputation and foreclosed other employment opportunities.

The court further found that the plaintiff had been deprived of liberty without due process of law in violation of 42 U.S.C. § 1983, the 14th Amendment to the United States Constitution, and Article I, Section 1 of the North Carolina Constitution; that "[u]nless the defendants are restrained from terminating the plaintiff's employment and depriving him of his rights . . . [he] will suffer irreparable injury in that he is without his employment, no income [sic], and has financial obligations which he cannot meet if his livelihood is withheld," and "that immediate and irreparable injury to . . . [his] professional reputation will continue"; and that the plaintiff has no remedy affording review of his dismissal prior to a hearing before the State Personnel Commission.

On the basis of these findings the trial judge concluded that the plaintiff was entitled to a preliminary injunction "pending the exhaustion of his administrative remedies and further proceedings in this cause" and ordered the defendants "to reinstate the plaintiff to full duty as a member of the North Carolina State Highway Patrol" and to continue to pay him his normal salary including back pay. The court added that the defendants in their discretion could place the plaintiff "on administrative leave pending the final determination of this matter." From this order, the defendants appealed.

*Blackwell M. Brogden for the plaintiff appellee.*

*Attorney General Edmisten, by Deputy Attorney General William W. Melvin, for the defendant appellants.*

HEDRICK, Judge.

It is uncontroverted that the plaintiff in this case is a permanent state employee as defined in G.S. 126-39 and is entitled to all statutory rights which accompany his status. Specifically, the State Personnel Act, enacted in Chapter 126 of the General Statutes, provides that a permanent state employee shall not be discharged "except for just cause" and in the event of his discharge he must be furnished with a written statement of the acts or omissions which led to such action. G.S. 126-35. Thereafter, he may appeal to the head of the department and to the State Personnel Commission which has the authority under G.S. 126-4(9) to investigate and take corrective action concerning discharges of employees. An employee who is dissatisfied with the decision of the Commission may seek judicial review thereof in accordance with provisions in the Administrative Procedure Act, G.S. 150A-43, *et seq.*, which is expressly applicable to state employees by the terms of G.S. 126-43.

Defendants, citing *Stevenson v. Department of Insurance*, 31 N.C. App. 299, 229 S.E. 2d 209, *cert. denied*, 291 N.C. 450, 230 S.E. 2d 767 (1976), contend that the trial court was without authority to grant relief in this proceeding until the plaintiff had exhausted these administrative remedies. In *Stevenson* the plaintiff, who had been discharged from a position in the Department of Insurance, sought and obtained preliminary injunctive relief in the Superior Court prior to a hearing before the State Personnel Commission. On appeal Judge Britt, speaking for this Court, discussed Article 4 of the Administrative Procedure Act entitled "Judicial Review" upon which plaintiff was asserting his right to an injunction, and concluded that the statutes in that Article authorize "a stay order only of those final agency decisions in which the person aggrieved has exhausted his administrative remedies." 31 N.C. App. at 302-3, 229 S.E. 2d at 211. Thus, the narrow holding of *Stevenson* is that a party must exhaust his administrative remedies before he seeks judicial review under Chapter 150A of the General Statutes.

The plaintiff acknowledges the *Stevenson* decision but contends that the principles therein are not applicable to the present case since "he neither sought nor obtained relief under G.S. 150A-48." In *Stevenson* the plaintiff alleged that there was no just cause to support his dismissal and sought injunctive relief in the Superior Court solely on that basis. His complaint contained no allegations stating a claim under the United States Constitution or any federal statute. In contrast, the plaintiff in this case alleges an improper dismissal in violation of his civil rights under the Civil Rights Act of 1871, 42 U.S.C. § 1983.

Congress, in the enactment of 28 U.S.C. § 1343, conferred on the United States District Courts original jurisdiction of claims arising under 42 U.S.C. § 1983. According to common interpretation "original jurisdiction" should be distinguished from "appellate jurisdiction" and means that the federal District Court shall have the power to hear such cases in the first instance. It follows that since the phrase does not contemplate "exclusive jurisdiction," the state courts have concurrent jurisdiction with the federal court to entertain § 1983 claims. *New Times, Inc. v. Arizona Board of Regents*, 20 Ariz. App. 422, 513 P. 2d 960 (1973), *vacated on other grounds*, 110 Ariz. 367, 519 P. 2d 169 (1974); *Brown v. Pitchess*, 13 Cal. 3d 518, 119 Cal. Rptr. 204, 531 P. 2d 772 (1975); *Alberty v. Daniel*, 25 Ill. App. 3d 291, 323 N.E. 2d 110 (1974); *Holt v. City of Troy*, 78 Misc. 2d 9, 355 N.Y.S. 2d 94 (1974). Thus, unless the principle enunciated in *Stevenson* is applicable to a § 1983 action, the Superior Court had jurisdiction to grant preliminary relief in this case.

[1] The exhaustion doctrine has been employed by the courts in appropriate cases to require a plaintiff to take advantage of available administrative remedies before resorting to the courts for redress of his grievances. K. C. Davis, Administrative Law of the Seventies, Supplementing Administrative Law Treatise § 20.01 (1976). However, as a general rule the failure of a plaintiff to exhaust his state administrative remedies has not been considered a bar to a claim asserted under § 1983. Davis, *supra* § 20.01-1, at 452. In *McCray v. Burrell*, 516 F. 2d 357 (4 Cir. 1975) (en banc), the United States Court of Appeals for the fourth circuit after a comprehensive discussion recognized the general rule emanating from recent Supreme Court decisions that exhaustion of state administrative remedies is not required in a § 1983 action

by state prisoners. In *Phillips v. Puryear*, 403 F. Supp. 80 (W.D. Va. 1975), a federal District Court followed *McCray* holding that the exhaustion doctrine was inapplicable in a § 1983 action by a state teacher contesting his dismissal. In view of the foregoing authority we are compelled to conclude that where as in the present case a state employee asserts civil rights violations under § 1983 for his wrongful dismissal, the Superior Court retains its traditional power to grant preliminary injunctive relief without requiring him to exhaust the administrative remedies provided in Chapter 126 of the General Statutes.

[2]  The defendant also contends that the trial court erred in its entry of a preliminary injunction since the plaintiff has failed to demonstrate any irreparable injury. The North Carolina courts have adhered to the familiar rule that a preliminary injunction should issue pending trial on the merits only when "(1) there is probable cause that plaintiff will be able to establish the rights which he asserts and (2) there is reasonable apprehension of irreparable loss unless interlocutory injunctive relief is granted, or unless interlocutory injunctive relief appears reasonably necessary to protect plaintiff's rights during the litigation." *Pruitt v. Williams*, 288 N.C. 368, 372, 218 S.E. 2d 348, 351 (1975). In our review of the entry of the injunction by the Superior Court we are not bound by its findings of fact but may consider the evidence and determine independently the plaintiff's right to preliminary injunctive relief. *Waff Bros. v. Bank*, 289 N.C. 198, 221 S.E. 2d 273 (1976).

[3]  Without examining the prospects of plaintiff's eventual success, we think he has failed to show any irreparable loss which would likely result in the absence of injunctive relief. In *Sampson v. Murray*, 415 U.S. 61 (1974), the United States Supreme Court confronted the claim of a federal probationary employee who challenged her dismissal in the United States District Court prior to a hearing pursuant to her right of appeal to the Civil Service Commission. The trial court granted a preliminary injunction against her discharge, and the Court of Appeals affirmed. The Supreme Court acknowledged that the District Court had the equitable power to grant a preliminary injunction in such a case but emphasized that it "is bound to give serious weight to the obviously disruptive effect which the grant of the temporary relief awarded . . . was likely to have on the administrative process."

415 U.S. at 83. The Court concluded that the plaintiff "at the very least must make a showing of irreparable injury sufficient in kind and degree to override these factors." 415 U.S. at 84. According to this analysis, the element of irreparable harm cannot be considered in a vacuum. A trivial harm, although it may be irreparable, would not necessarily entitle a plaintiff to injunctive relief. The judge in exercising his discretion should engage in a balancing process, weighing potential harm to the plaintiff if the injunction is not issued against the potential harm to the defendant if injunctive relief is granted. In effect, the harm alleged by the plaintiff must satisfy a standard of relative substantiality as well as irreparability. This view comports with principles recognized by our own Supreme Court. *Huggins v. Board of Education*, 272 N.C. 33, 157 S.E. 2d 703 (1967). *See also* D. Dobbs, Remedies § 2.10, at 108-9 (1973); J. Leubsdorf, The Standard for Preliminary Injunctions, 91 Harv. L. Rev. 525 (1978).

[4] In this case the trial court found a likelihood that plaintiff would suffer irreparable injury if he were not reinstated in that he would be without income and his reputation would be damaged. It is significant in this regard that our legislature has provided a means of compensating a state employee who has been wrongfully discharged with reinstatement, back pay and attorneys' fees. G.S. 126-4(9) and (11). In view of the fact that the plaintiff is assured that he will be compensated for all loss of income and attorneys' fees if he should ultimately succeed on the merits, it can hardly be maintained that the plaintiff's temporary loss of income constitutes an irreparable loss. *Sampson v. Murray*, *supra* at 90. Furthermore, any damage to the plaintiff's reputation resulting from a denial of the preliminary injunction must be balanced against the possible harm to the State in retaining plaintiff on the North Carolina State Highway Patrol. When all factors are weighed, we think that the plaintiff's evidence falls short of showing irreparable harm sufficiently substantial to override the countervailing considerations.

We hold that the preliminary injunction was improperly granted. The order appealed from is vacated and the cause is remanded to the Superior Court for further proceedings.

Vacated and remanded.

Chief Judge BROCK and Judge MITCHELL concur.