BOBBY DAVIS v. NORTH CAROLINA DEPARTMENT OF TRANSPORTATION

No. 7810SC65

(Filed 19 December 1978)

Administrative Law § 4— dismissal of State employee—stay order prior to final agency decision—delay caused by rehearing

    The superior court had no authority under G.S. 150A-48 to enter a stay order of the dismissal of an employee of the N.C. Department of Transportation before a final decision was entered by the State Personnel Commission, and the Commission's order for a rehearing of petitioner's case after it declined to follow the recommendation of the hearing officer that a default be entered against the Department of Transportation for its failure to appear will not be deemed a "final agency decision" under G.S. 150A-43 on the facts of this case.

APPEAL by petitioner from *Canaday, Judge.* Judgment entered 28 July 1977 in the Superior Court, WAKE County. Heard in the Court of Appeals 23 October 1978.

Petitioner is appealing the denial in the Superior Court, Wake County, of his petition for the issuance of a "temporary in-

junction restoring the Petitioner to his job" as Driver's License Examiner with the Department of Transportation "with full back pay, seniority, and all benefits, and that his employment records be purged of any reference to the matter of his discharge." Petitioner also seeks to enjoin further action by the Commissioner. On 17 December 1975, petitioner was notified of his dismissal based on four charges. The charges were as follows: (1) "Being absent from duty station without approved leave or authorization;" (2) "Conduct unbecoming to position of Driver License Examiner;" (3) "Embarrasment to the Commissioner and Driver License Section due to publicity from present confinement;" and (4) "Failure to take care of personal problems to avoid present conditions."

Petitioner sought review of his dismissal through administrative channels. On 9 February 1976, petitioner was afforded a hearing before the Personnel Officer of the Department of Motor Vehicles. When reinstatement was denied, petitioner appealed to the Employee Relations Committee of the Department of Transportation. After a hearing before that committee on 8 July 1976, petitioner was again denied reinstatement. Notice of appeal for a hearing de novo before the State Personnel Commission was duly filed.

The hearing was scheduled and held 11 February 1977, before a hearing officer. When the Department of Transportation failed to appear at the hearing, the hearing officer recommended that default be entered against it. The full State Personnel Commission declined to accept the recommendations of the hearing officer and remanded the matter for a second hearing upon motion of the Department of Transportation.

Petitioner then petitioned the Superior Court for a temporary injunction pursuant to G.S. 150A-43 and 44.

From the judgment of the Superior Court denying petitioner's prayer for reinstatement and ordering remand of the matter to the State Personnel Commission's hearing officer in accordance with the remand order of the full Commission, petitioner appeals.

*Attorney General Edmisten, by Deputy Attorney General William W. Melvin, for the State.*

*M. H. McGee for the petitioner appellant.*

MORRIS, Chief Judge.

Petitioner assigns as error the trial court's denial of his petition for temporary injunction and its remand of the action to the State Personnel Commission. He asserts that the court erred in concluding that there was no final agency decision within the meaning of G.S. 150A-43, therefore rendering the appeal premature and leaving the trial court without jurisdiction in the matter. It is well established that, as a prerequisite to judicial action, a party must generally exhaust available administrative remedies. *King v. Baldwin,* 276 N.C. 316, 172 S.E. 2d 12 (1970); *Stevenson v. Dept. of Insurance,* 31 N.C. App. 299, 229 S.E. 2d 209 (1976), *cert. den.,* 291 N.C. 450, 230 S.E. 2d 767 (1977). *But see, Mc-Crary v. Burrell,* 516 F. 2d 357 (4th Cir. 1976); *Williams v. Greene,* 36 N.C. App. 80, 243 S.E. 2d 156 (1978). Closely akin to this concept is the statutory requirement that appeal may be taken only from a "final agency decision". The judicial review provisions of the North Carolina Administrative Procedures Act provide in pertinent part as follows:

"§ 150A-43. *Right to judicial review.* — Any person who is aggrieved by a final agency decision in a contested case, and who has exhausted all administrative remedies made available to him by statute or agency rule, is entitled to judicial review of such decision under this Article, unless adequate procedure for judicial review is provided by some other statute, in which case the review shall be under such other statute. Nothing in this Chapter shall prevent any person from invoking any judicial remedy available to him under the law to test the validity of any administrative action not made reviewable under this Article."

"§ 150A-44. *Right to judicial intervention when agency unreasonably delays decision.* — Unreasonable delay on the part of any agency in reaching a final decision shall be justification for any person whose rights, duties, or privileges are adversely affected by such delay to seek a court order compelling action by the agency."

"§ 150A-48. *Stay of board order.* — At any time before or during the review proceeding, the person aggrieved may apply to the reviewing court for an order staying the operation of the agency decision pending the outcome of the review. The

court may grant or deny the stay in its discretion upon such terms as it deems proper and subject to the provisions of G.S. 1A-1, Rule 65."

Although petitioner denominated his action as a petition for temporary injunction under G.S. 150A-44, the remedy he is actually seeking is an "order staying the operation of the agency decision pending the outcome of review" of the case by the superior court, available under G.S. 150A-48 quoted above. Petitioner's position is apparently that, because of undue delay, he is entitled to a stay of his dismissal under G.S. 150A-44. This position is contrary to the case law and the plain words of the statute.

A recent decision by this Court met precisely the same point presented by petitioner's appeal. In *Stevenson v. Dept. of Insurance*, supra, a permanent employee of the Department of Insurance was dismissed for gross misconduct and conduct unbecoming a State employee. The employee sought an injunction under G.S. 150A-48 ordering a stay of the Department's decision terminating his employment pending a decision of the State Personnel Commission. The employee alleged that he was without a source of income pending the hearing and was unable to support his family despite efforts to obtain other employment. This Court, in reversing an order reinstating the employee, made the following observations and conclusions:

"Although we recognize the vagueness of the quoted statute, we feel that taken in its proper context, it authorizes a stay order only of those final agency decisions in which the person aggrieved has exhausted his administrative remedies. G.S. 150A-48 must be construed *in pari materia* with the rest of Article 4, Chapter 150A, entitled 'Judicial Review,' and particularly G.S. 150A-43 which states that '[a]ny person who is aggrieved by a final agency decision in a contested case, and who has exhausted all administrative remedies made available to him by statute or agency rule, is entitled to judicial review of such decision under this Article. . . .'

We think that G.S. 150A-48 was meant to entitle the aggrieved person to a stay order only after the final agency decision and either before or after the initiation of judicial review. Final agency decisions should be rendered after a hearing held without undue delay under G.S. 150A-23. G.S. 150A-44

provides that '[u]nreasonable delay on the part of any agency in reaching a final decision shall be justification for any person whose rights, duties, or privileges are adversely affected by such delay to seek a court order compelling action by the agency.' In the present case, this right may be asserted to prevent unreasonable delay in reaching a final agency decision but we do not think the superior court had authority to enter a stay order respecting plaintiff's dismissal pending final administrative review. *King v. Baldwin,* 276 N.C. 316, 172 S.E. 2d 12 (1970)." 31 N.C. App. at 302-303. *See also Church v. Board of Education,* 31 N.C. App. 641, 230 S.E. 2d 769 (1976), *cert. den.,* 292 N.C. 264, 233 S.E. 2d 391 (1977).

A careful reading of the applicable statutes bears out the correctness of that decision. G.S. 150A-44 provides for "a court order compelling action by the agency" as a supplement to the provisions against undue delay in holding a hearing. G.S. 150A-23(a). G.S. 150A-48 is a vehicle for reinstatement only "before or during the review proceeding". Since according to G.S. 150A-43 review is available only after a "final agency decision", the stay of a decision is similarly only available after a "final agency decision".

We are cognizant of the fact that in *Stevenson v. Dept. of Insurance, supra,* the employee was awaiting his initial hearing before the State Personnel Commission whereas petitioner in this case is awaiting a rehearing. Nevertheless, in neither case has the Commission rendered a final decision. Here the Commission declined to make a decision by rejecting the · hearing officer's recommendation for reinstatement and ordering a rehearing upon motion of the respondent.

Petitioner argues that because of the delay caused by the rehearing, this Court should treat the Commission's order for rehearing as essentially a "final agency decision" under G.S. 150A-43. *Cf. Deering Milliken, Inc. v. Johnston,* 295 F. 2d 856 (4th Cir. 1961) (delay amounted to "final agency action" under § 10(c) of the Federal Administrative Procedures Act); *See also Nor-Am. Agricultural Products, Inc. v. Hardin,* 435 F. 2d 1133 (7th Cir. 1970). Under the facts of this case we decline to so hold. Although it is true G.S. 150A-23(a) requires a hearing without "undue delay", we are unable to conclude from the record that there was undue delay in providing a hearing for the petitioner. The perti-

nent statute provides that if a party fails to appear after proper service of notice, the agency *may* proceed and render its decision in the absence of that party. G.S. 150A-25. The language is permissive, not mandatory. The Commission was acting within its statutory authority in ordering another hearing on the matter.

The intervention of courts into proceedings before administrative agencies has been condemned in this State. *Elmore v. Lanier, Com'r. of Insurance,* 270 N.C. 674, 155 S.E. 2d 114 (1967). Intrusion into these procedures should only be permitted under extraordinary circumstances where "undue delay" has left an aggrieved party without an adequate remedy at law. *Cf. Transit Co. v. Coach Co.,* 228 N.C. 768, 47 S.E. 2d 297 (1948) (statutory remedy inadequate). Petitioner has not presented such a case.

We are not unmindful of the mounting and valid nationwide criticism of the complexities and intricacies involved in the review of administrative actions at both the state and federal levels. Neither do we delight in applying the technicalities of the system to delay a decision on the merits of the case. *See* K. Davis, Administrative Law Treatise § 24.06 (Supp. 1970); Comment, Administrative Law: Judicial Review in North Carolina, 8 Wake Forest L. Rev. 67 (1971). Nevertheless, the statute and the case law are clear. A contrary holding could result in allowing employees who have been dismissed for good cause to take advantage of these same procedural intricacies and abuse the right to review by delaying the effect of dismissals at the expense of the taxpayers of the State.

In his second assignment of error petitioner asserts that once the trial court ruled, it was without jurisdiction and that it could not then remand the case for a hearing for the taking of respondent's evidence. Petitioner asserts this order was *ultra vires.* It is clear that the trial court's order was in effect a dismisssal of the petition. It left the petitioner precisely where he was prior to the petition for injunctive relief. This assignment of error is overruled.

Affirmed.

Judges ARNOLD and ERWIN concur.