IN THE MATTER OF THE APPLICATION OF ALAMANCE SAVINGS AND LOAN ASSOCIATION, INC., (PROPOSED), BURLINGTON, NORTH CAROLINA, A STOCK-OWNED SAVINGS AND LOAN ASSOCIATION

No. 8010SC1177

(Filed 4 August 1981)

1. **Injunctions § 12.1— hearing on motion to show cause—judgment on merits—harmless error**

   Error, if any, in the trial court's entry of a final judgment on the merits in a hearing on a motion to show cause was harmless where judgment on the merits was entered on an issue solely of law, and the court had before it all that was required for a decision of this purely legal question.

2. **Administrative Law § 4; Banks and Banking § 1.1— Savings and Loan Commission—unfavorable action on charter application—no final agency decision—right to reconsider application**

   A vote by the Savings and Loan Commission on 14 February 1980 which failed to adopt the recommendation of the Commission's Administrator that an application for a charter be approved was not a "final agency decision" since no written decision was ever entered in accordance with the 14 February vote; therefore, the Commission could properly reconsider and approve the application for a charter on 16 July 1980.

APPEAL by respondent (Alamance Savings and Loan Association, Inc. (Proposed)) from *Bailey, Judge.* Order entered 16 October 1980 in Superior Court, WAKE County. Heard in the Court of Appeals 27 May 1981.

The proposed Alamance Savings and Loan Association applied to the Savings and Loan Commission for a charter on 31 October 1979. At a hearing before the Commission on 14 February 1980, one of the Commissioners moved that the Commission follow the recommendation of the Commission's Administrator that the application be approved. The Chairman put the motion to the Commission as follows: "Moved . . . that we approve this application." The motion was defeated by a vote of three to two. One Commissioner was absent from the meeting.

On 21 February, the Attorney General responded to inquiries from the Chairman of the Commission with a letter stating that agencies in North Carolina have no authority to reconsider their decisions.

At a meeting of the Commission on 13 March 1980, the same Deputy Attorney General who had drafted the 21 February letter stated that a new vote on the application would not constitute a reconsideration because the Commission had merely voted against a motion to follow the recommendation of the Administrator, and not a motion to approve the application of Alamance Savings and Loan. He quoted from Robert's Rules of Order, which govern Commission procedure, to the effect that "voting down a motion or resolution that would express a particular opinion is not the same as adopting a motion expressing the opposite opinion, since — if the motion is voted down — no opinion has been expressed." H. Robert, Robert's Rules of Order Newly Revised 86 (1970). He concluded that the Commission had never voted on the issue of whether to approve Alamance's application and that any vote on that issue would be valid and not a reconsideration of the first vote. He also opined that the Commissioner who had not been present at the 14 February meeting could vote if he had reviewed the transcript of that meeting. Decision on the matter was delayed until the next meeting.

On 15 May 1980 the Commission met and voted on a motion to approve the application of the proposed Alamance Savings and Loan. The Commissioner who had been absent from the first meeting was present and voted for the motion, resulting in a vote of three for, three against. The Chairman voted to break the tie. He voted in favor of the motion. The final decision of the Commission was served on 21 July 1980.

The opposing savings and loans petitioned for judicial review under the Administrative Procedure Act, G.S. 150A-43 *et seq.*, and requested a stay of the Commission's decision pending such review. A show cause order issued on 19 August 1980, and the hearing on the show cause order was continued until the week of 15 September 1980. The opposing savings and loans filed affidavits stating that a new savings and loan in their area would jeopardize their ability to make home mortgage loans.

The opposing savings and loans filed briefs supporting their request for a preliminary injunction and opposing the Commission's decision. Alamance filed memoranda opposing the injunction and supporting their request for bond should the injunction issue.

At the show cause hearing the court considered the briefs and oral arguments of counsel and reviewed the transcripts of the Commission's meetings, concluding that the Commission's first vote (on 14 February 1980) constituted a final agency action. Since that conclusion controlled all other issues, the court entered a final order in favor of the opposing savings and loans. On appeal Alamance argues not only that the court erred in concluding that the Commission's 14 February vote was final, but also that the court lacked jurisdiction to enter a final judgment on the merits at a show cause hearing.

*Attorney General Edmisten by Lucien Capone, III, Attorney for the North Carolina Savings and Loan Commission,* amicus curiae.

*Powe, Porter & Alphin by James L. Stuart and Eugene F. Dauchert, Jr., for appellant Alamance Savings and Loan, Inc. (Proposed).*

*Hatch, Little, Bunn, Jones, Few & Berry by John W. Mc-Clain, Jr.; Silver, Freeman, Housley, Taff & Goldberg by Daniel J. Goldberg and Matthew G. Ash for appellees.*

CLARK, Judge.

[1] While we agree with appellant that the entry of a final judgment on the merits is a somewhat questionable procedure, we note that the record reveals that the court had before it the briefs of the parties and the pertinent portions of the transcripts of the meetings of the Savings and Loan Commission and that the court had the benefit of the oral arguments of the attorneys for both parties on the merits. In light of the facts that judgment on the merits was entered on an issue solely of law and that the court below had before it all that was required for decision of this purely legal question, we fail to see how appellant was prejudiced by entry of judgment on the merits. Appellant has neither presented nor alluded to any new materials on this appeal that would have in any way affected the decision on the merits of the issue determined by the court below. A reversal by us would result only in delaying our inevitable decision on the substantive issue on this appeal. We hold, therefore, that any error was harmless and elect to move on to consideration of the merits of the appeal.

[2]   The only remaining issue before us then is whether the trial court erred in concluding as a matter of law that the vote of the Savings and Loan Commission on 14 February 1980, which failed to adopt the recommendation of the Administrator that the application be approved, was final and conclusive, rendering the subsequent actions of the Commission to approve the application null and void and without legal effect. We hold that the trial court erred. The 14 February 1980 vote of the Commission did not amount to a "final agency decision" within the meaning of G.S. 150A-36.

The Commission is vested with the "full power and authority to review, approve, disapprove, or modify" any action of the Administrator. G.S. 54-24.1(c). In a contested case such as the case *sub judice* the role of the Commission is essentially that of a first level of administrative review. *See* 4 N.C.A.C. 9A.0205, 4 N.C.A.C. 9B.0201. The decision of the Commission is appealable to the Superior Court. G.S. 150A-45. Only a "final agency decision" is subject to judicial review. G.S. 150A-43.

A final agency decision is defined in G.S. 150A-36, which provides that such decision "shall be made, after review of the official record as defined in G.S. 150A-37(a), in writing and shall include findings of fact and conclusions of law." The 14 February 1980 vote of the Commission was obviously not a final agency decision. No facts were found upon which any conclusions of law could be based. Furthermore, G.S. 150A-36 clearly envisions a *writing* as the final agency decision. Our reading of the statute suggests that the writing is not merely a memorialization of the decision, but is the decision itself, without which agency action does not become final. Since no written decision was ever entered in accordance with the 14 February vote, no final decision within the meaning of the Administrative Procedure Act was rendered by that vote standing alone. The trial court erred in holding that this initial vote was final and conclusive. Only the written decision is final. Until that decision was rendered, the Commission was as free to reconsider its views as is this Court to reconsider its decisions until its written decisions are filed and certified to the court below. *See State v. Council*, 129 N.C. 511, 39 S.E. 814 (1901); N.C. Rules App. Proc., Rule 32.

The Administrative Procedure Act provides very clearly what constitutes a final agency decision. By its very nature a decision that is not final is subject to change. This is as it should be. Administrative agencies should be encouraged to continue cases under active deliberation until rendition of a final decision to assure that that decision is the product of adequate, sound deliberation. *See* Daye, *North Carolina's New Administrative Procedure Act: An Interpretive Analysis*, 53 N.C.L. Rev. 833, 892 (1975). That an agency retains jurisdiction to continue its deliberations after an initial vote and until such time as a final agency decision is rendered has been previously recognized by this Court in other contexts. *Davis v. Dept. of Transportation*, 39 N.C. App. 190, 250 S.E. 2d 64 (1978), *disc. rev. denied*, 296 N.C. 735, 254 S.E. 2d 177 (1979). The federal jurisdiction similarly recognizes such authority: "Until the matter is closed by final action, the proceedings of an officer of a department are as much open to review or reversal by himself or his successor as are the interlocutory decrees of a court open to review upon the final hearing." *New Orleans v. Paine*, 147 U.S. 261, 266, 37 L.Ed. 162, 163, 13 S.Ct. 303, 306 (1893). We note that parties are protected from unreasonable delay on the part of agencies in reaching final decisions by G.S. 150A-44, which allows a party adversely affected by such delay to seek a court order compelling action by the agency. *See Stevenson v. Dept. of Insurance*, 31 N.C. App. 299, 229 S.E. 2d 209, *disc. rev. denied*, 291 N.C. 450, 230 S.E. 2d 767 (1976); *Davis v. Dept. of Transportation, supra.*

The decision of 16 July 1980 being the final agency action in this case, the Order of the trial court that the 14 February 1980 vote was final must be reversed and the case remanded to the Superior Court division for review of the 16 July 1980 decision on the merits.

Reversed and remanded.

Judges MARTIN (Robert M.) and HILL concur.