474 So.2d 865 (1985)
Winston LLOYD, Appellant,
v.
James PAGE, Appellee.
No. BD-246.
District Court of Appeal of Florida, First District.
August 14, 1985.
Rehearing Denied September 19, 1985.
Winston Lloyd, pro se, for appellant.
Granville C. Burgess of Burgess, Wood & Poole, P.A., Fernandina Beach, for appellee.
SHIVERS, Judge.
Winston Lloyd appeals the trial court's dismissal of his complaint with prejudice for lack of jurisdiction. We reverse.
Appellant Lloyd, pro se, brought a 42 U.S.C. § 1983 civil rights action against appellee Page, the Nassau County Property Appraiser. Lloyd alleged that Page, acting maliciously and in bad faith, under color of State law, acted to deprive Lloyd of his homestead exemption rights, in violation of rights guaranteed him under the Fourteenth Amendment of the United States Constitution.
Appellee Page moved to dismiss for lack of jurisdiction and, assuming jurisdiction, on other grounds. We will address the stated ground for dismissal, lack of jurisdiction.
Appellee argues in his brief that jurisdiction is not properly vested in state courts. The pertinent federal statute, 42 U.S.C. section 1983, states:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person *866 within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
The federal law gives the federal courts original jurisdiction. In 28 U.S.C. § 1343:
The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
... .
(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.
We need to determine whether state courts also have jurisdiction over section 1983 cases. Most judicial decisions which have concluded that state courts can entertain section 1983 actions, have relied on the general principle of concurrent jurisdiction.
In New Times, Inc. v. Arizona Board of Regents, 20 Ariz. App. 422, 513 P.2d 960 (1973), vacated on other grounds, 110 Ariz. 367, 519 P.2d 169 (1974), that court stated:
28 U.S.C.A. § 1343, the jurisdictional grant keyed to section 1983, contains no language granting exclusive jurisdiction to federal courts. The statute merely confers "original jurisdiction" upon the district courts. The phrase "original jurisdiction" has uniformly been defined as the power to entertain cases in the first instance as distinguished from appellate jurisdiction and does not mean exclusive jurisdiction. See Bors v. Preston, 111 U.S. 252, 4 S.Ct. 407, 409, 28 L.Ed. 419 (1884); People of the Territory of Guam v. Rosario, 296 F. Supp. 140 (D.C.Guam 1969), and Petros v. Bosen, 185 Okla. 351, 91 P.2d 735, 736 (1939).
The State of Tennessee chose a minority view  that it would be illogical to require state courts to entertain section 1983 actions. In Chamberlain v. Brown, 223 Tenn. 25, 442 S.W.2d 248 (1969) that court wrote:
It is abundantly clear that one reason the legislation was passed was to afford a federal right in federal courts because, by reason of prejudice, passion, neglect, intolerance or otherwise, state laws might not be enforced and the claims of citizens to the enjoyment of rights, privileges and immunities guaranteed by the Fourteenth Amendment might be denied by the state agencies.
The Tennessee Chamberlain position was specifically rejected in New Times and in the Illinois case of Alberty v. Daniel, 25 Ill. App.3d 291, 323 N.E.2d 110 (1974).
Holt v. City of Troy, 78 Misc.2d 9, 355 N.Y.S.2d 94 (1974), Young v. Board of Education of Freemont City School District, RE-3, 416 F. Supp. 1139 (D.C.Colo. 1976), Brown v. Pitchess, 13 Cal.3rd 518, 119 Cal. Rptr. 204, 531 P.2d 772 (1975), and Williams v. Greene, 36 N.C. App. 80, 243 S.E.2d 156 (1978), all generally follow the rule espoused in New Times, Inc. v. Arizona, i.e., that the federal courts have not preempted this cause of action.
The Ohio case of Jackson v. Kurtz, 65 Ohio App.2d 152, 416 N.E.2d 1064 (1979), and the Utah case of Kish v. Wright, 562 P.2d 625 (Utah 1977) both approve the concurrent jurisdiction construction.
Terry v. Kolski, 78 Wis.2d 475, 254 N.W.2d 704 (1977) discusses the rationale permitting the states to exercise concurrent jurisdiction. The Wisconsin Supreme Court concludes that the language of section 1343 grants only original jurisdiction and does not vest exclusive jurisdiction. It does so after a review of the legislative history of section 1983.
In footnote 7 of Mr. Justice Stevens' opinion for the Court in Martinez v. California, 444 U.S. 277, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980), note is made that there is no reason absent the contrary intent of Congress, for the states not to exercise jurisdiction, citing Testa v. Katt, 330 U.S. 386, 67 S.Ct. 810, 91 L.Ed. 967 (1947).
*867 The Alabama Supreme Court in Terrell v. The City of Bessemer, 406 So.2d 337 (Ala. 1981), citing Martinez v. California, stated that, in an effort to avoid confusion over forum selection, Alabama must accept jurisdiction over section 1983 claims.
In Ricard v. The State of Louisiana, 390 So.2d 882 (La. 1980), the Louisiana Supreme Court held that Louisiana had concurrent jurisdiction over 1983 claims. The State of Mississippi in State Tax Commission v. Fondren, 387 So.2d 712 (Miss. 1980), held that although they agreed that state courts have jurisdiction over section 1983 actions, the exhaustion of state remedies is applicable in actions brought under section 1983 to enjoin, suspend, or restrain the assessment, levy, or collection of taxes because of 28 U.S.C. § 1341. Mississippi held that section 1341 is an explicit congressional limitation on the jurisdiction of the federal courts in cases which would enjoin, suspend, or restrain state tax levy, assessment, or collection.
The Supreme Court of Georgia, in City of Cave Spring v. Mason, 252 Ga. 3, 310 S.E.2d 892 (1984), held that the cause of action created by section 1983 is cognizable in Georgia, but the case is intertwined with the question of sovereign immunity.
Mr. Justice Stewart, writing for the United States Supreme Court in Dowd Box Co. v. Courtney, 368 U.S. 502, 508, 82 S.Ct. 519, 523, 7 L.Ed.2d 483 (1962), observed that exclusive federal jurisdiction over cases arising under federal law has been the exception rather than the rule:
We start with the premise that nothing in the concept of our federal system prevents state courts from enforcing rights created by federal law. Concurrent jurisdiction has been a common phenomenon in our judicial history, and exclusive federal court jurisdiction over cases arising under federal law has been the exception rather than the rule. This Court's approach to the question of whether Congress has ousted state courts of jurisdiction was enunciated by Mr. Justice Bradley in Claflin v. Houseman, 93 U.S. 130, 23 L ed 833, and has remained unmodified through the years. "The general question, whether State courts can exercise concurrent jurisdiction with the Federal courts in cases arising under the Constitution, laws, and treaties of the United States, has been elaborately discussed, both on the bench and in published treatises ... [and] the result of these discussions has, in our judgment, been ... to affirm the jurisdiction, where it is not excluded by express provision, or by incompatibility in its exercise arising from the nature of the particular case." 93 US, at 136.
The issue of whether Florida will exercise concurrent jurisdiction of § 1983 actions has not been directly faced. Metropolitan Dade County v. Wolf, 274 So.2d 584 (Fla. 3d DCA), cert. den., 414 U.S. 1116, 94 S.Ct. 849, 38 L.Ed.2d 743 (1973), held that a personnel weight restriction was not discriminatory, without discussing the jurisdictional question. Zorick v. Tynes, 372 So.2d 133 (Fla. 1st DCA 1979), made reference to jurisdiction over § 1983 actions but concluded that even if Florida could exercise jurisdiction, under the facts of the case, the petitioner's denial of employment was due to a job related requirement rather than the petitioner's physical disability.
Penthouse, Inc. v. Saba, 399 So.2d 456 (Fla. 2d DCA 1981) restated the question raised by Martinez, but does not specifically meet the issue. In Arney v. State, Dept. of Natural Resources, 448 So.2d 1041 (Fla. 1st DCA 1983), jurisdiction was not specifically addressed, but as in Wolf and Penthouse, jurisdiction over § 1983 actions was impliedly recognized.
The Florida Constitution, Article I, Section 21, provides: "[t]he courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial or delay."
We conclude that the majority and better view is that state courts have jurisdiction concurrent with federal courts to enforce federal cases arising under federal *868 law unless Congress has specifically provided to the contrary. Dowd, supra.
We reverse the trial court's dismissal of this cause for lack of jurisdiction.
In remanding, we note that appellant maintains he was denied homestead exemption because of appellee property appraiser's wrongful assertion appellant's house burned in 1983. Appellant claims he was so notified in April 1984, and that the property adjustment board met on May 15, 1984. The record shows appellant filed suit on June 26, 1984. The foregoing would indicate we are concerned with the appellant's 1984 homestead exemption. The property appraiser, in his brief, claims that appellant's action is untimely because he did not file his suit for over a year after the deadline expired. (Section 196.151, Florida Statutes, requires the homestead exemption applicant to file his suit within 15 days from the property adjustment board's refusal of the homestead exemption application.) It would appear that if appellant was "over a year late," we are considering the 1983 exemption and appellant would be entitled to the 1983 exemption if he were so entitled on January 1, 1983 (even if his house burned later in 1983). See Volume II, Section 4.02(6), Florida State and Local Taxes, Tax Section of the Florida Bar. If we are concerned with the 1984 homestead exemption, appellant would clearly be only a few days, if any, late, in filing his suit. All of this can, of course, be included in the matters addressed by the trial court.
REVERSED and REMANDED.
ERVIN and JONAOS, JJ., concur.