PER CURIAM.
We deny the petition for writ of prohibition which contends that Florida state courts have no jurisdiction to try claims for sexual discrimination brought under Title VII of the Federal Civil Rights Act of 1964. We believe that state courts may be utilized to enforce rights granted citizens under federal legislation absent clear evidence of a contrary intent contained in such legislation. We find no such clear expression in Title VII despite the procedural references contained therein to the federal courts. See Greene v. County School Board of Henrico County, Va., 524 F.Supp. 43 (E.D.Va.1981).
We also acknowledge that our holding is in conflict with the decision in Long v. Dept. of Admin., Div. of Retirement, 428 So.2d 688 (Fla. 1st DCA 1983). However, we would point out that Long simply stated that state courts do not have jurisdiction over Title VII claims, citing Dickinson v. Chrysler Corp., 456 F.Supp. 43 (E.D.Mich.1978), and Fox v. Eaton Corp., 48 Ohio St.2d 236, 358 N.E.2d 536 (Ohio 1976). Subsequently, the same court, in a well-reasoned opinion in Lloyd v. Page, 474 So.2d 865 (Fla. 1st DCA 1985), without even mentioning Long, held that Florida had concurrent jurisdiction under 42 U.S.C. § 1983 (a statute similar in most respects to the Title VII Civil Rights Act). The court further stated:
We conclude that the majority and better view is that state courts have jurisdiction concurrent with federal courts to enforce federal cases arising under federal law unless Congress has specifically provided to the contrary.
474 So.2d at 867-68.
DOWNEY and ANSTEAD, JJ., concur.
WALDEN, J., dissents with opinion.