PHYLLIS C. SNUGGS, JUNE C. ALMOND, AND CAROL F. TROUTMAN v. STANLY COUNTY DEPARTMENT OF PUBLIC HEALTH, AN AGENCY OF THE COUNTY OF STANLY; HAROLD LITTLE, CHAIRMAN, AND FLOYD HUNEYCUTT, ALTON CROWELL, DR. CLAUDE N. BALLENGER, SHIRLEY LOWDER, ERNEST A. WHITLEY, DAVID A. CHAMBERS, IDA STOVALL, AND DR. TOMMIE NORWOOD, MEMBERS, STANLY COUNTY BOARD OF HEALTH; COUNTY OF STANLY, A BODY POLITIC; BEECHER R. GRAY, INDIVIDUALLY, AND IN HIS FORMER REPRESENTATIVE CAPACITY AS DIRECTOR OF STANLY COUNTY DEPARTMENT OF PUBLIC HEALTH; CARLTON B. HOLT, R. C. HINKLE, DR. MAX GARBER, MATTIE LITTLE, AND EVELYN HATLEY, FORMER CHAIRMAN AND MEMBERS, RESPECTIVELY OF THE STANLY COUNTY BOARD OF HEALTH

No. 8220SC859

(Filed 5 July 1983)

**Administrative Law § 2; Constitutional Law § 17— exhaustion of administrative remedies**

> Where plaintiffs were employees of defendant Department of Public Health, where each plaintiff appealed her dismissal to the State Personnel Commission, where decisions have not yet been rendered by the State Personnel Commission, and where plaintiffs instituted the present 42 U.S.C. Section 1983 actions seeking to recover compensatory and punitive damages and reinstatement in the state court, the trial court properly allowed defendants' motions and dismissed plaintiffs' actions for lack of jurisdiction over the subject matter. Plaintiffs had a choice of forums in which to bring their Section 1983 actions; the federal courts, or the North Carolina courts. In the North Carolina courts, the opinion of *Presnell v. Pell*, 298 N.C. 715 (1979) controls in compelling the Court to find that the trial court properly dismissed plaintiffs' actions in that they had failed to exhaust their state administravtive remedies before bringing an action in the state courts.

APPEAL by plaintiffs from *Hairston, Judge.* Judgment entered 12 May 1982 in STANLY County Superior Court. Heard in the Court of Appeals 7 June 1983.

Plaintiffs Phyllis C. Snuggs, June C. Almond, and Carol F. Troutman had been and were employees of the defendant Stanly County Department of Public Health prior to September 27, 1979, when they were each dismissed by Beecher R. Gray, Director, on that date. Each plaintiff was served a written notice of termination at the time of her discharge and, almost eight months thereafter in response to plaintiffs' motions, each was served with a supplemental statement of charges for dismissal. Plaintiffs' dismissals were widely publicized among the citizens of Stanly County, North Carolina, and throughout most of the counties in

the Piedmont section of North Carolina by publication of numerous newspaper articles. Plaintiffs alleged in their complaints that said articles were false, defamatory, and had caused plaintiffs to suffer embarrassment, humiliation, anxiety, public ridicule and scorn, and had made it virtually impossible for plaintiffs to obtain similar or comparable employment.

In apt time, each plaintiff appealed her dismissal to the State Personnel Commission. Some of the charges were dismissed on plaintiffs' motions for summary judgment and evidence on other charges was taken before the State Personnel Commission in the Fall of 1981. Decisions have not yet been rendered by the State Personnel Commission on the charges still pending. These actions were instituted on September 25, 1981 pursuant to 42 U.S.C. Section 1983, plaintiffs seeking to recover compensatory and punitive damages and reinstatement. On March 3, 1982, defendants filed motions to dismiss pursuant to Rule 12(b)(1) of the North Carolina Rules of Civil Procedure on the ground that the court lacks jurisdiction of the subject matter of the actions.

The primary basis of defendants' motions to dismiss as to each plaintiff was the contention that plaintiffs' claims under 42 U.S.C. Section 1983 are foreclosed by the recent United States Supreme Court decision of *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed. 2d 420 (1981), in that plaintiffs had not exhausted all of their administrative remedies before the State Personnel Commission, which remedies defendants contend are constitutionally adequate.

When defendants' motions to dismiss were heard at a consolidated hearing before the court on May 12, 1982, the court allowed defendants' motions and dismissed the actions for lack of jurisdiction over the subject matter.

Plaintiffs have appealed to this Court from the trial court's orders dismissing their actions.

*Morton and Grigg, by Ernest H. Morton, Jr., for plaintiff Phyllis C. Snuggs.*

*Gerald R. Chandler for plaintiffs June C. Almond and Carol F. Troutman.*

*Hopkins, Hopkins & Tucker, by Frank B. Aycock, III, for defendants.*

WELLS, Judge.

We begin our analysis of these cases by emphasizing that the sole question before the trial court, as raised by defendants' motions in each case, was whether the trial court had subject matter jurisdiction, defendants only motions being motions to dismiss pursuant to G.S. 1A-1, Rule 12(b)(1) of the Rules of Civil Procedure. Therefore, the question of whether plaintiffs' complaints have stated claims upon which relief can be granted is not before us. The briefs of the parties to this appeal speak also to the issue of whether plaintiffs have stated claims upon which relief may be granted.

The subject matter of plaintiffs' claims is their wrongful discharge from employment in alleged violation of the laws and Constitution of the State of North Carolina and in alleged violation of the Constitution of the United States, constituting a deprivation of plaintiffs' civil rights under 42 U.S.C. Section 1983, to plaintiffs' injury and damage.

Section 1983, derived from the Act of April 20, 1871, provides that every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory, subjects or causes to be subjected, any citizen of the United States, or other person within the jurisdiciton thereof to the deprivation of any rights, privileges, or immunities, secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

It is well established that State courts have concurrent general subject matter jurisdiction to hear Section 1983 claims. In *Martinez v. California*, 444 U.S. 277, 100 S.Ct. 553, 62 L.Ed. 2d 481 (1980), *reh. denied*, 445 U.S. 920, 100 S.Ct. 1285, 63 L.Ed. 2d 606 (1980), this footnote appears:

> We note that the California courts accepted jurisdiction of this federal claim. That exercise of jurisdiction appears to be consistent with the general rule that where " 'an act of Congress gives a penalty to a party aggrieved, without specifying a remedy for its enforcement, there is no reason why it should not be enforced, if not provided otherwise by some act of Congress, by a proper action in a State court.' " *Testa v. Katt*, 330 U.S. 386, 391, 91 L.Ed. 967, 67 S.Ct. 810, 172 A.L.R.

225, quoting *Claflin v. Houseman*, 93 U.S. 130, 137, 23 L.Ed. 833. See also *Aldinger v. Howard*, 427 U.S. 1, 36, n. 17, 49 L.Ed. 2d 276, 96 S.Ct. 2413 (Brennan, J., dissenting); *Grubb v. Public Utilities Comm'n*, 281 U.S. 470, 476, 74 L.Ed. 972, 50 S.Ct. 374. We have never considered, however, the question whether a State *must* entertain a claim under Section 1983. We note that where the same type of claim, if arising under state law, would be enforced in the state courts, the state courts are generally not free to refuse enforcement of the federal claim. *Testa v. Katt, supra*, 394, 91 L.Ed. 967, 67 S.Ct. 810, 172 A.L.R. 225.

The policy enunciated in the footnote in *Martinez* was re-stated in the following footnote contained in *Maine v. Thiboutot*, 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed. 2d 555 (1980):

Petitioners also argue that jurisdiction to hear Section 1983 claims rests exclusively with the federal courts. Any doubt that state courts may also entertain such actions was dispelled by *Martinez v. California*, 444 U.S. 277, 283-284, n 7, 62 L.Ed. 2d 481, 100 S.Ct. 553 (1980). There, while reserving the question whether state courts are *obligated* to entertain Section 1983 actions, we held that Congress has not barred them from doing so.

*See also Jones v. City of Greensboro*, 51 N.C. App. 571, 277 S.E. 2d 562 (1981), and *Williams v. Greene*, 36 N.C. App. 80, 243 S.E. 2d 156, *rev. denied*, 295 N.C. 471, 246 S.E. 2d 12 (1978), cases where our appellate courts have recognized that our courts have such concurrent jurisdiction over Section 1983 claims. Recognizing such general subject matter jurisdiction does not, however, reach the dispositive issue presented in this appeal.

In their argument before the trial court, as here, defendants asserted that plaintiffs' complaints show on their respective faces that an administrative remedy for their wrongful discharge is not only available under North Carolina law, but also show that plaintiffs have availed themselves of such remedy and that plaintiffs had not exhausted such remedy when they instituted the action under review by us. Defendants, in their argument before the trial court, and here, insisted that unless and until plaintiffs can show that they have, in fact, exhausted their state administrative remedy, the superior court cannot have subject matter jurisdic-

tion. At the trial level, defendants apparently relied heavily upon the opinion of the United States Supreme Court in *Parratt v. Taylor, supra.* The record before us indicates clearly that Judge Hairston perceived that *Parratt* was controlling on the issue.[1] We do not find *Parratt* to be apposite to, much less dispositive of, the issue in this case, for reasons as will appear as our analysis progresses. For reasons different than ours, plaintiffs contend that *Parratt* does not apply here, but contend that the opinion of the Supreme Court in *Patsy v. Florida Board of Regents,* --- U.S. ---, 102 S.Ct. ---, 73 L.Ed. 2d 172 (1982) is controlling. For reasons we will state, we do not agree that *Patsy* controls the issue in this case.

*Parratt* involved a claim brought, pursuant to Section 1983, by an inmate in the Nebraska penal system, in which the inmate alleged that he had been deprived of his property (a hobby kit ordered through the mail) when it was negligently lost or misplaced by prison officials, without due process of law. The inmate brought his suit in the United States District Court, which entered summary judgment for the inmate. The Supreme Court reversed, holding, in essence, that the inmate *had failed to state a claim for relief* under Section 1983 on the basis that the negligent deprivation of his property was not without due process because he had available to him a tort action in the Nebraska courts under Nebraska law. Thus, whatever else *Parratt* stands for, it is limited to negligent acts of State officials and it was before the Court on summary judgment, not a subject matter jurisdiction motion.

While we have not been able to determine the procedural context in which *Patsy* reached the Court, the majority, concurring, and dissenting opinions in *Patsy,* and in *Parratt,* as well, trace the history and development of Section 1983 law in such a

---

1. It is also clear from Judge Hairston's remarks that although he considered *Parratt* to be controlling in these cases, he perceived that the effect of *Parratt* was to convince him that plaintiffs had failed to "state a cause of action under Section 1983," that plaintiffs "simply have a case which doesn't come under Section 1983," "that this is simply not a violation of civil rights, as long as the State has provided an adequate remedy for them which in fact they are pursuing." Thus, it would appear that the trial court resorted to principles of Rule 12(b)(6) law, *i.e., failure to state a claim upon which relief can be granted, in ruling on defendants' Rule 12(b)(1) subject matter motion.*

way as to make two aspects of that law quite clear: one, that Section 1983 was intended to provide citizens of the respective States access to the *federal* courts for protection of their federally protected rights; and two, that the *federal* courts should not require a Section 1983 plaintiff to show exhaustion of administrative remedies available under State law as a requisite to maintaining a Section 1983 claim in the *federal* courts. A quote in *Parratt* from *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed. 2d 492 (1961), aptly illustrates the point:

> "[i]t is abundantly clear that one reason the legislation was passed was to afford a federal right in federal courts because, by reason of prejudice, passion, neglect, intolerance or otherwise, state laws might not be enforced and the claims of citizens to the enjoyment of rights, privileges and immunities guaranteed by the Fourteenth Amendment might be denied by the State agencies."

*See also Haring v. Prosise*, --- U.S. ---, --- S.Ct. ---, --- L.Ed. 2d --- (13 June 1983).

We recognize, therefore, that plaintiffs in this case had a choice of forums in which to bring their Section 1983 actions: the federal courts, or the North Carolina courts. In the federal courts, it is obvious that at the Rule 12(b)(1) stage, plaintiffs would have been able to survive the hurdle of exhaustion of state administrative remedies. Under North Carolina law, however, their problem is quite different. The opinion of our Supreme Court in *Presnell v. Pell*, 298 N.C. 715, 260 S.E. 2d 611 (1979), controls our decision here and compels us to affirm the judgments below. *Presnell*, a remarkably analogous case, clearly holds to the long-established North Carolina rule that "where the legislature has provided by statute an effective administrative remedy, that remedy is exclusive and its relief must be exhausted before recourse may be had to the courts." *Presnell* involved an action for wrongful discharge from employment by the Surry County Board of Education. Defendants moved to dismiss plaintiff's wrongful discharge claim and under Rule 12(b)(1) for lack of subject matter jurisdiction. The trial court allowed the motions, and our Supreme Court affirmed because the complaint showed on its face that the plaintiff had not exhausted her administrative

remedies. We must reach the same result here on plaintiffs' Section 1983 actions for wrongful discharge.

For the reason stated, the judgment of the trial court in each of these cases is

Affirmed.

Judges HEDRICK and PHILLIPS concur.