HUGH W. JOHNSTON AND AUDREY S. JOHNSTON v. GASTON COUNTY, MARTIN EUDY, THE TAX SUPERVISOR FOR GASTON COUNTY, AND TRUMBLE-McGUIRK & ASSOCIATES, A DIVISION OF COLE-LAYER-TRUMBLE COMPANY, AND THE OHIO CASUALTY INSURANCE COMPANY, AN OHIO CORPORATION

No. 8327SC1293

(Filed 18 December 1984)

1. **Taxation § 25.11— property assessment contested in Property Tax Commission—Court of Appeals exclusive mode of judicial review**

   Taxpayers who did not perfect an appeal from the Property Tax Commission to the Court of Appeals may not seek judicial review of the Property Tax Commission's decision in superior court. G.S. 105-345 bypasses the North Carolina Administrative Procedure Act and makes the Court of Appeals the exclusive mode of judicial review for property tax assessments contested in the County Board and Property Tax Commission. G.S. 150A-43 to -52 (1978), G.S. 105-322(g)(2).

2. **Taxation § 25.11— allegations necessary for direct review of assessment in superior or district court**

   A complaint filed in superior court challenging a property tax assessment was properly dismissed where it lacked allegations that the taxpayer had paid taxes due and filed a statement of valid defense and a request for release or refund of the tax with the governing body of the taxing unit. Those steps are required by G.S. 105-381 for direct judicial review in superior or district court of a property tax assessment.

3. **Constitutional Law § 23.3— property tax assessment—42 U.S.C. 1983 action— state remedy adequate**

   A complaint challenging a property tax assessment, filed in superior court and alleging violations of due process and equal protection under 42 U.S.C. 1983, was properly dismissed because North Carolina's property tax statutes provide a "plain, adequate and complete" remedy which plaintiffs did not follow. G.S. 105-345.2(b), G.S. 105-381, G.S. 1A-1, Rule 12(b)(6).

APPEAL by plaintiffs from *Sitton, Judge.* Judgment entered 21 October 1983 in Superior Court, GASTON County. Heard in the Court of Appeals 25 September 1984.

This cases arises out of an appraisal of plaintiffs' real property, conducted by appraisers hired by Gaston County. Plaintiffs have challenged the appraisal, alleging that their property was valued at a higher percentage of its true value than other property in Gaston County. Plaintiff Hugh Johnston contested the appraisal before the Gaston County Board of Equalization and Review on 19 May 1981. The Board upheld the appraisal. On 30 June 1981, Johnston appealed the Board's ruling to the North Carolina Property Tax Commission. The Commission heard Johnston's appeal in December 1982 and dismissed it, holding that Johnston failed to carry his burden of rebutting the presumption that Gaston County's appraisal was correct.

In January 1983, Johnston gave notice of appeal to the North Carolina Court of Appeals, and simultaneously filed a motion with the Commission for further hearing, which was denied. Johnston failed to perfect the appeal to the Court of Appeals. Rather, he and his wife filed the present suit in Superior Court of Gaston County against Gaston County, its Tax Supervisor, and the firm of appraisers hired by the County to conduct the reappraisal. The Johnstons claim that the appraisal of their property conducted by defendants was not done in accord with North Carolina statute and violated their rights guaranteed by the United States and North Carolina Constitutions. They base the present suit primarily on 42 U.S.C. 1983, which gives a cause of action to those deprived of federal constitutional and statutory rights by persons acting under color of state law. The defendants filed motions to dismiss, and the trial judge granted these motions. Plaintiffs now appeal the dismissal of their action in Gaston County Superior Court.

*Basil L. Whitener and Anne M. Lamm for plaintiff appellants.*

*Stott, Hollowell, Palmer & Windham, by Grady B. Stott and Jeffrey M. Trepel, for defendant appellees Gaston County and Martin Eudy.*

*Mullen, Holland & Cooper, by Graham C. Mullen and William E. Moore, Jr., for defendant appellees Trumble-McGuirk and Ohio Casualty Insurance Company.*

ARNOLD, Judge.

The primary issue in this case is: where should the plaintiffs have pursued their claim that Gaston County through its appraisers overvalued their property? The plaintiffs say that they now have a right of action in Gaston County Superior Court, while the defendants say that the plaintiffs do not have such a right, but only could have appealed from the ruling of the Property Tax Commission to the Court of Appeals.

[1] North Carolina law provides two avenues by which a taxpayer may seek relief from an unjust property tax assessment: administrative review followed by judicial review in the Court of Appeals, and direct judicial review in Superior or District Court. Administrative review begins in the County Board of Equalization and Review. The County Board has jurisdiction to hear any taxpayer who has a complaint as to the listing or appraisal of his or others' property. *See* G.S. 105-322(g)(2). Any taxpayer who wishes to except to an order of the County Board shall appeal to the State Property Tax Commission. G.S. 105-324. In turn, a taxpayer who is unsatisfied with the decision of the Property Tax Commission shall appeal to the North Carolina Court of Appeals, G.S. 105-345, and then to the North Carolina Supreme Court, G.S. 105-345.4. Sections (d) and (e) of G.S. 105-345 provide:

(d) The appeal *shall* lie to the Court of Appeals as provided in G.S. 7A-29. The procedure for the appeal shall be as provided by the rules of appellate procedure.

(e) The Court of Appeals *shall hear and determine all matters arising on such appeal,* as in this Article provided, and may in the exercise of its discretion assign the hearing of said appeal to any panel of the Court of Appeals. (Emphasis added.)

The scope of review before the Court of Appeals is set out in G.S. 105-345.2:

(a) On appeal the court shall review the record and the exceptions and assignments of error in accordance with the rules

of appellate procedure, and any alleged irregularities in procedures before the Property Tax Commission, not shown in the record, shall be considered under the rules of appellate procedure.

(b) So far as necessary to the decision and where presented, the court shall decide all relevant questions of law, *interpret constitutional and statutory provisions*, and determine the meaning and applicability of the terms of any Commission action. The court may affirm or reverse the decision of the Commission, declare the same null and void, or remand the case for further proceedings; or *it may reverse or modify the decision if the substantial rights of the appellants have been prejudiced because the Commission's findings, inferences, conclusions or decisions are*:

  (1) *In violation of constitutional provisions*; or

  (2) In excess of statutory authority or jurisdiction of the Commission; or

  (3) Made upon unlawful proceedings; or

  (4) *Affected by other errors of law*; or

  (5) Unsupported by competent, material and substantial evidence in view of the entire record as submitted; or

  (6) Arbitrary or capricious. (Emphasis added.)

We take G.S. 105-345(d), which provides that "appeal *shall* lie to the Court of Appeals," and G.S. 105-345.2(b), which describes the breadth of review by the Court of Appeals, to indicate that the General Assembly intended such appeal to be the exclusive mode of judicial review of property tax assessments contested in the County Board and Property Tax Commission. Section 105-345, enacted in 1979, effectively bypassed the North Carolina Administrative Procedure Act's provision for judicial review in Superior Court for persons aggrieved by a "final agency decision." G.S. 150A-45; G.S. 150A-43 to -52 (1978). Thus, under North Carolina statute plaintiffs clearly could not seek judicial review of the Property Tax Commission's decision in Superior Court.

[2]　Taxpayers in North Carolina have an alternative to administrative review. They can seek judicial review of an assessment directly in Superior or District Court by paying taxes and then bringing a suit against the taxing unit for recovery of taxes paid. G.S. 105-381. In order to have such an action, the taxpayer must first have filed a written statement of a valid defense to the tax with the governing body of the taxing unit and a request for release or refund of the tax. A "valid defense" is either that: (1) the tax was imposed through clerical error, (2) the tax was an "illegal tax," or (3) the tax was levied for an "illegal purpose." G.S. 105-381(a)(1). Within ninety days of receiving the taxpayer's statement and request, the governing body of the taxing unit must act. If it denies the request or does not act within that time, then the taxpayer may bring a civil suit, *provided he has paid the taxes assessed.* G.S. 105-381(c). The trial court will allow recovery of the taxes if it finds that one or more of the defenses exists. G.S. 105-381(d).

The plaintiffs in the case at bar have not based their action on G.S. 105-381. They do not allege in their complaint that they have paid taxes due, nor do they seek recovery of such taxes. Further, plaintiffs have not met the other procedural requirements of G.S. 105-381, including an allegation that they have a "valid defense" under G.S. 105-381(a)(1).

Thus, the plaintiffs have not followed the statutory procedures provided for property tax complaints in North Carolina, and their suit, as a matter of state administrative law, was properly dismissed.

[3]　Plaintiffs, however, allege that because they have based their complaint on violations of federal law, they have a right to sue in Superior Court independent of their remedies in state law. In particular, plaintiffs claim that Gaston County officials and the appraisers they hired acted under color of state law to deprive plaintiffs of their rights to due process and equal protection. This gives plaintiffs a cause of action, they say, in state court under 42 U.S.C. 1983.

Plaintiffs correctly observe that the United States Supreme Court has recently held that comity bars taxpayers from bringing § 1983 suits to contest state property tax violations in federal courts. *See Fair Assessment in Real Estate Association v. Mc-*

*Nary,* 454 U.S. 100, 70 L.Ed. 2d 271, 102 S.Ct. 177 (1981). Plaintiffs argue, however, that this means that the Supreme Court has implied that state courts are the only proper forums for § 1983 claims concerning property tax assessments. Our reading of the *Fair* case persuades us that the Supreme Court did not mean to go so far as to require that § 1983 actions, if not brought in federal courts, can only be resolved in state *courts.* The Supreme Court noted that in property tax cases, instead of pursuing § 1983 claims in federal courts:

> [T]axpayers must seek protection of their federal rights by state remedies, *provided of course that those remedies are plain, adequate, and complete,* and may ultimately seek review of the state decisions in this Court.

*Fair,* 454 U.S. 100, 116 (emphasis added).

Although the Supreme Court did not decide the issue in *Fair,* it suggested that it would uphold a state remedy if it were adequate to protect plaintiffs' federal rights. Our review of North Carolina's property tax statutes convinces us that plaintiffs in this case do have such a "plain, adequate and complete" remedy. As noted above, Chapter 105 gives taxpayers a right to contest property tax valuations in the County Board and then in the State Property Tax Commission. Appeal lies to this Court, and then to the North Carolina Supreme Court. The statute empowers this Court to make an inquiry into constitutional matters, including, we believe, those plaintiffs have framed in their federal action. The statute provides that the Court "may reverse or modify the decision if the substantial rights of the appellants have been prejudiced because the Commission's findings, inferences, conclusions or decisions are: (1) in violation of constitutional provisions; or (2) in excess of statutory authority or jurisdiction of the Commission; or (3) made upon unlawful proceedings; or (4) affected by other errors of law. . . ." G.S. 105-345.2(b).

Moreover, if plaintiffs had paid taxes and brought an action against Gaston County to recover taxes paid pursuant to G.S. 105-381, then arguably they could have alleged that their property tax assessment was an "illegal tax."

Our review of plaintiffs' complaint indicates that they could have adhered to state law procedure for processing property tax

complaints and still have pursued violations of their federal (and state) constitutional rights. The plaintiffs have failed to demonstrate that the remedies provided by state law are inadequate or unfair. Plaintiffs allege that neither the County Board nor the Property Tax Commission could have adequately dealt with their constitutional claims. This is true, *see Great American Insurance Co. v. Gold*, 254 N.C. 168, 118 S.E. 2d 792 (1961), but does not mean that those claims will never be heard. While constitutional claims will not be acted upon by administrative tribunals, such claims can be reserved for the Court of Appeals, which the statute empowers to hear them. This division of review, saving constitutional issues for the courts, does not unduly hinder or restrict the taxpayer in asserting his rights. Moreover, it advances the important state interests of efficiency and conservation of judicial resources by giving expert administrative officials an opportunity to discover and redress technical errors in appraisal before the difficult legal issues are addressed.

Finally, we note that plaintiffs have cited *Snuggs v. Stanly County Department of Public Health*, 63 N.C. App. 86, 303 S.E. 2d 646 (1983), for the proposition that plaintiffs may bring a § 1983 action in the state courts. Yet, in *Snuggs* this Court relied upon *Presnell v. Pell*, 298 N.C. 715, 260 S.E. 2d 611 (1979), to hold that § 1983 actions were properly dismissed in Superior Court for lack of subject matter jurisdiction when the plaintiffs failed to exhaust their statutory administrative remedies. On discretionary review, the Supreme Court modified *Snuggs*, treating defendants' motions as motions to dismiss for failure to state a claim upon which relief can be granted. *Snuggs v. Stanly County Department of Public Health*, 310 N.C. 739, 314 S.E. 2d 528 (1984). It then granted these motions because of plaintiffs' failure to allege that they did not have adequate remedies at state law. *Snuggs*, 310 N.C. at 741, 314 S.E. 2d at 529.

Although the plaintiffs in the present case made some attempt to allege that they had inadequate remedies under state law, they apparently did not consider the breadth of review in this court and therefore failed to convince us of the futility of pursuing their constitutional claims through the statutory property tax review process. Plaintiffs' claim was therefore dismissed properly under Rule 12(b), although the trial court should have relied specifically on Rule 12(b)(6): failure to state a claim upon which

relief can be granted. We remand to the trial court for the entry of a more detailed order. Plaintiffs shall be allowed thirty days from the date of this opinion within which to file amended complaints in Superior Court.

Affirmed and remanded.

Judges WELLS and HILL concur.